**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**FELICIA R. COLTER,**                                       CASE NO. 3:20 CV 2513

      Plaintiff,

      v.                                                          JUDGE JAMES R. KNEPP II

**K.L. MEHKI, et al.,**
                                                             **MEMORANDUM OPINION AND**
      Defendants.                                       **ORDER**

## INTRODUCTION

Plaintiff Felicia R. Colter brings this civil rights suit pursuant to 42 U.S.C. § 1983 against

Defendants Ohio State Trooper K.L. Mehki and Ohio State Trooper Major Charles Jones,

Commander of the Office of Training, Recruitment and Diversity of the Ohio State Highway

Patrol. (Doc. 4). Defendant Jones filed a Motion to Dismiss the claims against him for failure to

state a claim upon which relief may be granted. (Doc. 7). Plaintiff has not responded, and the

time in which to do so has expired. *See* Local Rule 7.1(d) (providing 30 days to respond to a

case-dispositive motion). For the reasons discussed below, the Court GRANTS Defendant

Jones's Motion to Dismiss.

## BACKGROUND

On November 7, 2018, Trooper Mehki pulled Plaintiff over in Toledo, Ohio and

subsequently arrested her for driving while intoxicated. (Doc. 4, at ¶¶ 11-28). Trooper Thomas

(who is not named as a defendant in this action) was also at the scene during Plaintiff's arrest. *Id.*

at ¶ 17. Plaintiff was taken to a State Highway Patrol post and eventually released to her sister's

custody. *Id.* at ¶¶ 28-31. The case proceeded to prosecution in Sylvania Municipal Court, and

was dismissed for failure to prosecute on May 17, 2019. *Id.* at ¶ 32. Plaintiff asserts a claim

against Defendant Mehki under 42 U.S.C. § 1983 for wrongful arrest and detention in violation

of her Fourth and Fourteenth Amendment rights. *Id.* at ¶¶ 35-37 (Count I). She further asserts a

claim "for failure to properly train and supervise" against Defendant Jones. *Id.* at ¶¶ 38-43

(Count II) (capitalization altered). Count II states:

> 39. Defendant Jones failed to properly train, supervise, and control Defendant Mehki.
>
> 40. Prior to November 7, 2018, Cmdr. Jones and/or his predecessor developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons within Lucas County and the state of Ohio, which caused the violations of plaintiffs' [sic] rights.
>
> 41. It was the policy and/or custom of Cmdr. Jones and/or his predecessor to inadequately supervise and train its troopers, thereby failing to adequately discourage constitutional violations on the part [of] the troopers. Defendant Jones and/or his predecessor did not require appropriate in-service training or retraining of troopers who were known to have engaged in police misconduct.
>
> 42. As a result of the above described policies and customs, Ohio State Highway Patrol troopers including defendant may have believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be adequately investigated or sanctioned, but would be tolerated.
>
> 43. The above described policies and customs demonstrated a deliberate indifference on the part of Cmdr. Jones and/or his predecessor as a policy maker to the constitutional rights of persons within Lucas County and the state of Ohio, and were the cause of violations of plaintiff's rights alleged herein.

*Id.*

### STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests the

complaint's legal sufficiency. "In determining whether to grant a Rule 12(b)(6) motion, the court

primarily considers the allegations in the complaint, although matters of public record, orders,

items appearing in the record of the case, and exhibits attached to the complaint, also may be

taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). The Court is required to accept the allegations stated in the complaint as true, while viewing the complaint in a light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986) (noting that "[a]lthough for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation").

Although a complaint need not contain "detailed factual allegations," it requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

Finally, "the movant must always bear [its] initial burden regardless if an adverse party fails to respond[,] . . . [even] in the context of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Thus, despite the lack of opposition, the Court turns to the merits of the motion.

## DISCUSSION

Defendant Jones asserts Plaintiff's Amended Complaint fails to state a claim against him – in either his individual or official capacity – upon which relief can be granted. For the reasons discussed below, the Court agrees.

Individual Capacity Claim

Defendant Jones contends any claims brought against him in his individual capacity should be dismissed because (1) Plaintiff alleges no personal involvement by Jones in the arrest and detention, and (2) Plaintiff's allegations regarding failure to train or supervise are not sufficient to state a claim. The Court agrees.

To state a cognizable claim against an individual under § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006). Plaintiff's Amended Complaint does not allege Jones had any personal involvement in the events surrounding Plaintiff's arrest on November 7, 2018. *See* Doc. 4, at ¶¶ 11-34. Therefore, Plaintiff has not stated a claim against him on which relief can be granted in this regard. *See, e.g.*, *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012*)* ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior."); *see also Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991) (personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants").

Additionally, Plaintiff has failed to state a claim for failure to supervise or train. Section 1983 liability cannot be premised solely on a theory of *respondeat superior*. *Hays v. Jefferson Cty.*, 668 F.2d 869, 872 (6th Cir. 1982). Supervisory officials are not liable in their individual capacities unless they "either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the

4

offending officers." *Id.* at 874. A supervisor cannot be held liable "simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another" and "a mere failure to act will not suffice to establish supervisory liability." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2018); *see also Essex v. Cty. of Livingston*, 518 F. App'x 351, 357 (6th Cir. 2013) ("There must be some conduct on the supervisor's part to which the plaintiff can point that is directly correlated with the plaintiff's injury."). Supervisory liability requires some "active unconstitutional behavior" on the part of the supervisor. *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999); *see also Hays*, 668 F.2d at 873-74 ("mere failure to act (even) in the face of a statistical pattern of incidents of misconduct" is not sufficient to confer liability) (internal quotation marks omitted).

Further, the Sixth Circuit has found that – without such personal involvement – an attempt to hold an officer liable in his individual capacity for his "alleged failure to adequately train employees . . . 'improperly conflates a § 1983 claim of individual supervisory liability with one of municipal liability.'" *Harvey v. Campbell Cty.*, 453 F. App'x 557, 563 (6th Cir. 2011) (quoting *Phillips v. Roane Cty.*, 534 F.3d 531, 543 (6th Cir. 2008)); s*ee also Heyerman*, 680 F.3d at 646-48 (finding that absent evidence of personal involvement in the alleged underlying misconduct, the defendant county official could not be individually liable based on her failure to train or supervise). Thus, absent personal involvement, a failure-to-train claim against an individual official is properly deemed to be brought against them in their official capacity, and treated as a claim against the municipality. *See Miller v. Calhoun Cty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005).

Plaintiff broadly alleges Defendant Jones "developed and maintained policies or customs . . . which caused the violations of plaintiffs' [sic] rights" and "inadequately supervise[d] and

train[ed] its [sic] troopers, thereby failing to adequately discourage constitutional violations". (Doc. 4, at ¶¶ 40-41). She does not assert Defendant Jones was personally involved in the alleged misconduct by Defendant Mehki. Without such factual allegations, Plaintiff's individual-capacity failure to train or supervise claim must fail. And, as Defendant Jones notes, "[a]lthough [Plaintiff's] conclusory 'failure to train' allegations might work against a municipality, they are not enough to state an individual capacity claim against a state official." (Doc. 7, at 5).

The Court therefore grants Defendant Jones's motion to dismiss Plaintiff's individual capacity claims against him.

Official Capacity Claim

Defendant Jones further contends Plaintiff's official capacity claim against him fails because Plaintiff seeks only monetary damages and not prospective injunctive relief. Again, the Court agrees.

Plaintiff's Amended Complaint seeks only monetary relief. *See* Doc. 4, at 7. State officials sued in their official capacities for monetary damages are not considered persons subject to suit under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). This is because a suit against a state official in his official capacity is considered an action against the State itself. *Id.* at 71. And the Eleventh Amendment bars such damages actions against the State. *See* U.S. CONST. AMEND. XI; *Williams v. Leslie*, 28 F. App'x 387, 388-89 (6th Cir. 2002) ("A suit against a state official in his official capacity seeking monetary damages for violations of § 1983 is barred by the Eleventh Amendment because such a suit is, in fact, a suit against the state.") (citing *Will*, 491 U.S. at 71).

A state official may be sued in his official capacity for prospective injunctive relief, *Ex Parte Young*, 209 U.S. 123, 155-56 (1908), but Plaintiff brings no such claim and seeks no such

relief from Defendant Jones. Her Amended Complaint only raises claims regarding her stop and arrest on November 7, 2018. *See*, *e.g.*, *Gean v. Hattaway*, 330 F.3d 758, 776 (6th Cir. 2003) (finding where a complaint is "based entirely upon past acts and not continuing conduct that, if stopped, would provide a remedy to them . . . it therefore does not come under the doctrine of *Ex Parte Young* . . .").

For these reasons, the Court grants Defendant Jones's motion to dismiss Plaintiff's official capacity claims against him.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Defendant Jones's Motion to Dismiss (Doc. 7) be, and the same hereby is, GRANTED.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE